## THE PEOPLE *v.* ECKERT.

In this case—indictment for larceny in stealing a cow—it was material for the prosecution to prove, among other things, that Vance & Reed sold the cow to Baker & Baker in order to identify her with the cow sold by defendant to one W., and thus to show that defendant had stolen her from Baker & Baker: *Held,* that the Court below erred in refusing to instruct the jury, as asked by defendant, that if they had reasonable doubt of Vance & Reed selling to the Bakers the cow which defendant sold to W., they must give defendant the benefit of the doubt, and find him not guilty.

In such case defendant has the right to ask an instruction based upon doubt as to the particular fact essential to conviction, notwithstanding the Court may have given a general instruction that if the jury have a reasonable doubt as to defendant's guilt, they will acquit.

APPEAL from the Court of Sessions of Butte.

For facts see opinion.

*Jos. E. N. Lewis*, for Appellant.

*F. M. Pixley, Attorney General*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The defendant was convicted of the crime of grand larceny in the stealing of a cow. He had owned a herd of cattle which he had pledged to Vance & Reed as security for a debt, and in October, 1858, a sale of a portion of this herd was made by Vance & Reed to satisfy their claim. At this sale Baker & Baker purchased two cows, which continued in their possession until the Spring of 1859, at which time one of them left their possession. In April, 1860, the defendant sold a cow, then in his possession, to Wooldridge, and it was claimed on behalf of The People that this cow, sold by the defendant to Wooldridge, was one of the two cows which Baker & Baker had bought at the sale by Vance & Reed, and that the defendant had stolen it from Baker & Baker. The herd pledged to Vance & Reed consisted of more than one hundred and thirty-five, of which number about ninety had been delivered to them in their corral, and " the balance was a range delivery on the plains." The number sold by Vance & Reed was eighty-nine, and as the sale paid the debt, the balance of the stock was transferred to the defendant. On the trial the defendant sought to show by witnesses on his behalf, and by cross-examination of the witnesses introduced by The People, that the cow he sold to Wooldridge was not one of the cows bought by Baker & Baker. If this cow was not one of the eighty-nine sold by Vance & Reed, then it was one of the balance which reverted to the defendant. One of the instructions which the defendant asked the Court to give the jury, but which the Court refused to give, was as follows : " If they shall find that there is a reasonable doubt of Vance & Reed selling the cow to the Bakers, that defendant sold to Wooldridge, they will

give defendant the benefit of the doubt, and find the defendant not guilty." This instruction should have been given. The fact pointed at by this instruction it was material for The People to prove, in order to establish the defendant's guilt under the other circumstances of this case, and as the charge given by the Court as to reasonable doubt, though appropriate, was general in its terms, the defendant had a right to ask an instruction that if there was a reasonable doubt as to this essential fact, the defendant should have the benefit of it.

Judgment reversed and cause remanded for new trial.